**SEALED**

**FILED**

DEC 1 6 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **CRIMINAL NO.:** **SA20CR0601XR** |
| | § | |
| Plaintiff, | § | **INDICTMENT** |
| | § | Ct 1: 8 U.S.C. § 1324(a)(1)(A)(ii) & (v)(I) |
| VS. | § | Conspiracy to Transport Illegal Aliens |
| | § | Ct 2: 8 U.S.C. § 1324(a)(1)(A)(iii) & (v)(I) |
| JOSE MIGUEL SANDOVAL-PINEDA (1), | § | Conspiracy to Harbor Illegal Aliens |
| aka "PRIMO" | § | Ct 3: 18 U.S.C. § 1956(h) |
| aka "CHAVALON" | § | Conspiracy to Commit Money Laundering |
| EMMANUEL VALDOVINOS (2), | § | Ct 4: 18 U.S.C. § 844(n) |
| aka "MANNY" | § | Conspiracy to Commit Arson |
| ███████████████ | § | Cts 5: 18 U.S.C. §§ 844(i) & 2 |
| | § | Arson of a Building |
| JOSE VICTOR | § | Ct 6: 18 U.S.C. §§ 844(h) & 2 |
| CALLEJA-VELASQUEZ (4), | § | Use of Fire or Explosives to Commit |
| aka "KORY" | § | a Federal Felony |
| JORGE RODRIGUEZ (5), | § | Cts 7-10: 26 U.S.C. § 5861(d) |
| EDUARDO ANGEL VIERA (6), | § | Possession of a Destructive Device |
| aka "LALO" | § | Cts 11-13: 18 U.S.C. § 922(g)(5) |
| JOSE EFRAIN OVALLE-ALVARADO (7), | § | Illegal Alien in Possession of a Firearm |
| JAVIER DUENAS (8), | § | Ct 14: 21 U.S.C. § 841(a)(1)/(b)(1)(A) |
| aka "PUPPET" | § | Possession with Intent to Distribute |
| DANIEL BOANERGES | § | Methamphetamine |
| ORELLANA-CANO (9), | § | Ct 15: 21 U.S.C. § 841(a)(1)/(b)(1)(C) |
| JOSE CARLOS MARTINEZ (10), and | § | Possession with Intent to Distribute Cocaine |
| JAHANNATAN PACHECANO | § | |
| ANDRADE (11), | § | |
| | § | |
| Defendants. | § | |
| | § | |

THE GRAND JURY CHARGES:

**COUNT ONE**
**[8 U.S.C. § 1324(a)(1)(A)(ii) & (v)(I)]**

That on or about January 2019, the exact date unknown, and continuing until on or about

February 20, 2020, in the Western District of Texas, Defendants,

**JOSE MIGUEL SANDOVAL-PINEDA aka "PRIMO" aka "CHAVALON" (1),**
**EMMANUEL VALDOVINOS aka "MANNY" (2),**

1

**JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),**
**JORGE RODRIGUEZ (5),**
**EDUARDO ANGEL VIERA aka "LALO" (6),**
**JOSE EFRAIN OVALLE-ALVARADO (7), and**
**JAVIER DUENAS aka "PUPPET" (8),**

did knowingly combine, conspire, confederate and agree with others, known and unknown to the

Grand Jury, to commit the following offense against the United States: to transport and move, and

attempt to transport and move, by means of transportation or otherwise, aliens who entered and

remained in the United States in violation of law, knowing and in reckless disregard of the fact

that said aliens came to, entered, and remained in the United States in violation of law, and in

furtherance of such violation of law, in violation of Title 8, United States Code, Section

1324(a)(1)(A)(ii) & (v)(I).

<u>**COUNT TWO**</u>
**[8 U.S.C. § 1324(a)(1)(A)(iii) & (v)(I)]**

That on or about January 2019, the exact date unknown, and continuing until on or about

February 20, 2020, in the Western District of Texas, Defendants,

**JOSE MIGUEL SANDOVAL-PINEDA aka "PRIMO" aka "CHAVALON" (1),**
**EMMANUEL VALDOVINOS aka "MANNY" (2),**

**JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),**
**JORGE RODRIGUEZ (5),**
**EDUARDO ANGEL VIERA aka "LALO" (6),**
**JOSE EFRAIN OVALLE-ALVARADO (7), and**
**JAVIER DUENAS aka "PUPPET" (8),**

did knowingly combine, conspire, confederate and agree with others, known and unknown to the

Grand Jury, to commit the following offense against the United States: to conceal, harbor, and

shield from detection aliens who entered and remained in the United States in violation of law,

knowing and in reckless disregard of the fact that said aliens came to, entered, and remained in the

2

United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) & (v)(I).

## COUNT THREE
### [18 U.S.C. § 1956(h)]

That on or about January 2019, the exact date unknown, and continuing until on or about January 14, 2020, in the Western District of Texas, Defendants,

**JOSE MIGUEL SANDOVAL-PINEDA aka "PRIMO" aka "CHAVALON" (1),**

**█████████ ██████ █**
**JORGE RODRIGUEZ (5), and**
**EDUARDO VIERA aka "LALO" (6),**

did knowingly combine, conspire, and agree with each other and with others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is: to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, Conspiracy to Transport and Harbor Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (iii), & (v)(I), from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## COUNT FOUR
### [18 U.S.C. § 844(n)]

That on or about September 2, 2019, in the Western District of Texas, Defendants,

**JOSE MIGUEL SANDOVAL-PINEDA aka "PRIMO" aka "CHAVALON" (1),**
**JAVIER DUENAS aka "PUPPET" (8),**

**DANIEL BOANERGES ORELLANA-CANO (9),**
**JOSE CARLOS MARTINEZ (10),** and
**JAHANNATAN PACHECANO ANDRADE (11),**

did knowingly combine, conspire, and agree with each other and with others, known and unknown

to the Grand Jury, to commit offenses against the United States, that is, they conspired to

maliciously damage and attempted to damage and destroy, by means of fire and explosive

materials, a residence, located on the 800 block of Brownleaf Street, San Antonio, Texas and used

in interstate commerce, in violation of Title 18, United States Code, Section 844(i), all in violation

of Title 18, United States Code, Section 844(n).

<u>**COUNT FIVE**</u>
**[18 U.S.C. §§ 844(i) & 2]**

That on or about September 2, 2019, in the Western District of Texas, Defendants,

**JAVIER DUENAS aka "PUPPET" (8),**
**DANIEL BOANERGES ORELLANA-CANO (9),**
**JOSE CARLOS MARTINEZ (10),** and
**JAHANNATAN PACHECANO ANDRADE (11),**

aided and abetted by each other, maliciously damaged and attempted to damage and destroy, by

means of fire and explosive materials, a residence, located on the 800 block of Brownleaf Street,

San Antonio, Texas and used in interstate commerce, in violation of Title 18, United States Code,

Sections 844(i) & 2.

<u>**COUNT SIX**</u>
**[18 U.S.C. §§ 844(h) & 2]**

That on or about September 2, 2019, in the Western District of Texas, Defendants,

**JOSE MIGUEL SANDOVAL-PINEDA aka "PRIMO" aka "CHAVALON" (1),**
**JAVIER DUENAS aka "PUPPET" (8),**
**DANIEL ORELLANA-CANO (9),**
**JOSE CARLOS MARTINEZ (10),** and
**JAHANNATAN PACHECANO ANDRADE (11),**

aided and abetted by each other, knowingly used fire and explosive materials to commit, and

4

unlawfully carried an explosive during the commission of, Conspiracy to Commit Arson of a Building, a felony prosecutable in a court of the United States, in violation of Title 18, United States Code, Sections 844(h) & 2.

### COUNT SEVEN
### [26 U.S.C. § 5861(d)]

That on or about September 2, 2019, in the Western District of Texas, Defendant,

### JAVIER DUENAS aka "PUPPET" (8),

knowingly possessed a destructive device, that is, a Molotov cocktail, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

### COUNT EIGHT
### [26 U.S.C. § 5861(d)]

That on or about September 2, 2019, in the Western District of Texas, Defendant,

### DANIEL BOANERGES ORELLANA-CANO (9),

knowingly possessed a destructive device, that is, a Molotov cocktail, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

### COUNT NINE
### [26 U.S.C. § 5861(d)]

That on or about September 2, 2019, in the Western District of Texas, Defendant,

### JOSE CARLOS MARTINEZ (10),

knowingly possessed a destructive device, that is, a Molotov cocktail, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

## COUNT TEN
### [26 U.S.C. § 5861(d)]

That on or about September 2, 2019, in the Western District of Texas, Defendant,

**JAHANNATAN PACHECANO ANDRADE (11),**

knowingly possessed a destructive device, that is, a Molotov cocktail, that was not registered to

him in the National Firearms Registration and Transfer Record, in violation of Title 26, United

States Code, Section 5861(d).

## COUNT ELEVEN
### [18 U.S.C. § 922(g)(5)]

That on or about December 10, 2019, in the Western District of Texas, Defendant,

**JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),**

knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a

firearm, to wit: a Glock, model 19, 9mm pistol, serial number BCWS685, and said firearm had

been shipped and transported in interstate and foreign commerce, in violation of Title 18, United

States Code, Section 922(g)(5).

## COUNT TWELVE
### [18 U.S.C. § 922(g)(5)]

That on or about February 11, 2020, in the Western District of Texas, Defendant,

**JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),**

knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a

firearm, to wit: a Spike's Tactical, model ST-15, multi-caliber rifle, serial number SAR78579, and

said firearm had been shipped and transported in interstate and foreign commerce, in violation of

Title 18, United States Code, Section 922(g)(5).

## COUNT THIRTEEN
### [18 U.S.C. § 922(g)(5)]

That on or about November 24, 2020, in the Western District of Texas, Defendant,

### JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),

knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a firearm, to wit: a Glock, model 42, .380 caliber pistol, serial number ADRL113, and said firearm had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(5).

## COUNT FOURTEEN
### [21 U.S.C. §§ 841(a)(1)/(b)(1)(A)]

That on or about November 24, 2020, in the Western District of Texas, Defendant,

### JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),

did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1)/(b)(1)(A).

## COUNT FIFTEEN
### [21 U.S.C. §§ 841(a)(1)/(b)(1)(C)]

That on or about November 24, 2020, in the Western District of Texas, Defendant,

### JOSE VICTOR CALLEJA-VELASQUEZ aka "KORY" (4),

did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing a detectable amount of cocaine, its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1)/(b)(1)(C).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

### I.

### Alien Smuggling Violations and Forfeiture Statutes
**[Title 8 U.S.C. §§ 1324 (a)(1)(A)(ii),(iii) & (v)(I) subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6), and 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461.**

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(6) and Title 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which state:

**Title 18 U.S.C. § 982. Criminal forfeiture**
(a)(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, . . . the Immigration and Nationality Act . . . shall order that the person forfeit to the United States, regardless of any provision of State law –
    (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
    (ii) any property real or personal –
        (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
        (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

**Title 8 U.S.C. § 1324(b) Seizure and forfeiture**
    (1) In general
    Any conveyance, including any vessel, vehicle, or aircraft that has been or is being used in the commission of a violation of subsection (a) of this section, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

### II.

### Firearms Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 922(g)(5), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the criminal violation set forth in Count Eleven through Thirteen , the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property

described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924, as made applicable to criminal forfeiture by 28 U.S.C. § 2461. Section 924 states in pertinent part:

> **Title 18 U.S.C. § 924. Penalties**
>
> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922, . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

## III.
### Unregistered Possession Violations and Forfeiture Statutes
**[Title 26 U.S.C. § 5861(d), subject for forfeiture pursuant to Title 26 U.S.C. § 5872(a), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Five through Eight, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of property, including the items listed below, upon conviction and as part of sentencing, pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

> **Title 26 U.S.C. § 5872. Forfeiture**
> **(a) Laws applicable** —Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture . . . .

## IV.
### Money Laundering Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1956(a)(2)(A) & (h) subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the foregoing criminal violations set forth in Count Three, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956. . . of this title, shall order that the person forfeit to the

United States any property, real or personal, involved in such offense, or any property traceable to such property.

## V.
## Arson and Forfeiture Statutes
### [Title 18 U.S.C. § 844(n), (i),(h), subject for forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the criminal violation set forth in Counts Four, Nine, and Ten the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 844(c) and Title 18 U.S.C. § 981(a)(1)(c), as made applicable to criminal forfeiture by 28 U.S.C. § 2461. Section 844 states in pertinent part:

### Title 18 U.S.C. § Penalties

(c) Any explosive materials involved or used or intended to be used in any violation of the provisions of this chapter or any other rule or regulation promulgated thereunder or any violation of any criminal law of the United States shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter

Section 981 states in pertinent part:

### Title 18 U.S.C. § 981 Forfeiture

(a)(1)(C) Any Property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section...844...or any offense constituting "specified unlawful activity" ...or a conspiracy to commit such offense.

## VI.
## Drug Violations and Forfeiture Statutes
### [Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) & (C), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Count Fourteen and Fifteen, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the below

described properties upon conviction and pursuant to Fed. R. Crim. P. Rule 32.2 and Title 21 USC

§§ 853(a)(1) and (2), which state:

> ### Title 21 USC § 853. Criminal forfeitures
> #### (a)  Property subject to criminal forfeitures.
>
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law –
>
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>>
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; ...

## VII.
## Money Judgment

**Money Judgment**: A sum of money which represents the value of any proceeds obtained directly or indirectly as a result of the violations set forth in Counts 1-4, 9-10, and 14-15, for which each Defendants is liable.

## VIII.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set

forth above, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the

value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed.

R. Crim. P. 32.2(e)(1).

This Notice of Demand for Forfeiture includes, but is not limited to, the following properties:

1. Glock, model 42, .380 caliber pistol, serial number ADRL113;
2. Spike's Tactical, model ST-15, multi-caliber rifle, serial number SAR78579;
3. $4,221.00 in United States Currency; and
4. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses, including but not limited to tactical bulletproof vests, magazines, and AR-15 Kits/assembly parts.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

GREGG N. SOFER
UNITED STATES ATTORNEY

BY: _____
BRIAN NOWINSKI
Assistant United States Attorney